| iSCHOTT, Chief Judge,
dissenting:
Defendant is faulted for allowing broken glass on the dance floor and failing to give the plaintiff an adequate warning of that danger. The record shows that the defendant made a reasonable effort to clean up broken glass as soon as it occurred, but that the plaintiff’s injury occurred within thirty seconds after a glass was broken close to where she was dancing. The defendant did not allow the glass to be on the floor. As soon as they heard the glass break defendant’s employees were on their way to clean it up.
The defendant, like any reasonable person, recognized that broken glass was a normal risk to customers. That is one reason why customers were warned against taking off their shoes and why customers were not allowed to come in to the club without shoes. Plaintiff testified that she was aware of this. Additionally, club rules prohibited glass on the dance floor. I submit that the warnings were adequate and that plaintiffs failure to follow them was unacceptably careless.
The only way the defendant could protect this plaintiff was to use unbreakable drink-ware as suggested by my colleagues. The question is whether they had duty to do this. I think not. Patrons in an upscale night club expect to be served in glass containers unlike patrons on the street, on the beach, or in a fast food outlet.
The sole cause of the accident was plaintiffs imprudent conduct, if not foolishness, in removing her shoes on the dance floor in a dark nightclub where |2glasses were all over the premises. Any reasonably prudent person should know that removing one’s shoes under these circumstances creates the extreme risk of an injury not only from glass but nails, splinters, and other dangers. There was nothing defendant could have done to protect the plaintiff from this injury. She testified that she cut her foot immediately after she took off her shoes. Even if the defendant had the duty of watching patrons continuously and expelling those who removed their shoes the defendant had no time to do this in plaintiff’s case.
I would reverse the judgment of the trial court and dismiss plaintiffs suit.